# EXHIBIT "B"

Exhibit A-2 to the
Revolving Credit and
Guaranty Agreement

Signed Copy

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

------------------------------------------------X
In re:                              :    Chapter 11

Genesis Health Ventures, Inc., et al.,    :    Case Nos. 000-2692 (PJW)
                                         (Jointly Administered)
                Debtors.            :
------------------------------------------------X

FINAL ORDER (I) AUTHORIZING DEBTORS TO (A) OBTAIN
POST-PETITION FINANCING PURSUANT TO 11 U.S.C. §§105, 361, 362, 363,
364(c)(1), 364(c)(2), 364(c)(3) AND 364(d)(1) AND (B) UTILIZE CASH
COLLATERAL PURSUANT TO 11 U.S.C. §363 AND (II) GRANTING
ADEQUATE PROTECTION TO PRE-PETITION SECURED PARTIES

Upon the motion (the "Motion"), dated June 22, 2000, of Genesis Health Ventures, Inc., as debtor and debtor-in-possession (the "Borrower"), and the Guarantors listed on Schedule I hereto, each as a debtor and debtor-in-possession (hereinafter referred to collectively as the "Guarantors"; and together with the Borrower, the "Debtors"),

(i) seeking this Court's authorization, pursuant to Sections 105, 361, 362, 363 364(c)(1), 364(c)(2), 364(c)(3) and 364(d)(1) of the United States Bankruptcy Code, 11 U.S.C. §§101, et seq. (the "Code"), and Rules 2002, 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for the Borrower to (1) obtain post-petition financing (the "Financing"), and for the Guarantors to guaranty the payment of the Borrower's obligations incurred in connection with the Financing, up to the principal amount of $250,000,000 from Mellon Bank, N.A. ("Mellon" or "Agent"), and a syndicate of financial institutions (together with Mellon, the "Banks"), with Mellon acting as Agent for itself and the Banks,

pursuant to the DIP Credit Agreement with respect to all uses of Cash Collateral and such indebtedness, obligation or liability. The obligations of the Debtors under this Order and the Financing shall not be discharged by the entry of an order confirming a plan of reorganization in any of the Cases and, pursuant to Section 1141(d)(4) of the Code, the Debtors have waived such discharge with respect to such obligations.

25. Nothing set forth in this Order shall be deemed to be a determination as to the validity, priority, perfection or nonavoidability of the liens and security interests of any of the Real Estate Lenders or Cardinal and its subsidiaries, and the rights of all parties with respect thereto are fully reserved.

26. Notwithstanding anything in this Order to the contrary (including, without limitation, the findings herein and the definition of the term "Financing"), the claims (including superpriority administrative claims), liens, and protections that are granted or provided by this Order to the Agent and the Banks (including pursuant to paragraphs 10 and 12 hereof) against: (i) each of the Guarantors that are listed on Schedule 1-A hereto (collectively, the "Identified Debtors") and (ii) the assets of each of the Identified Debtors, shall be limited to the amount that is equal to, and shall apply only to the extent that, the amount by which the cash flow of each of the Identified Debtors from and after June 1, 2000, taken as a whole, and determined on a cash basis, but after deducting amounts specified in clauses (i) and (ii) below whether paid in cash or accrued (the "Identified Debtors' Cash Flow"), is negative. In calculating each of the Identified Debtors' Cash Flow, expenses shall include operating expenditures and capital expenditures directly incurred by each of the Identified Debtors, and shall further include, without duplication: (i) a management fee payable to the Borrower by each of the Identified Debtors in an amount equal to five percent (5%) of the net inpatient revenues of the facilities of each of the Identified Debtors or, in the case of Identified Debtors, if any, that do not

operate patient facilities, 5% of an equivalent measure of revenues; and (ii) all other expenses fairly allocable to each of the Identified Debtors (other than expenses which would fairly be covered by a five percent (5%) management fee), but including in any event legal, regulatory, insurance, and self-insurance charges fairly allocable to each of the Identified Debtors.

27. Notwithstanding anything in this Order to the contrary (including, without limitation, the findings herein and the definition of the term "Financing"), the claims (including superpriority administrative claims), liens, and protections that are granted or provided by this Order to the Pre-Petition Agent and the Pre-Petition Secured Parties (including pursuant to paragraph 12 hereof) against: (i) each of the Identified Debtors and (ii) the assets of each of the Identified Debtors, shall be subject to the limitations set forth in paragraph 26 above, provided that the Pre-Petition Agent and Pre-Petition Secured Parties shall not be entitled to recover on such claims or realize on such liens to the extent that the Agent or the Banks have realized on their claims and/or liens against each of the Identified Debtors or the assets of each of the Identified Debtors.

28. The notice given by the Debtors of the Motion and of the Final Hearing constitutes due and sufficient notice of the Motion and of the Final Hearing.

29. This Order shall supersede and govern over the terms of the Documents, to the extent that such terms are inconsistent with this Order.

30. Upon the giving or reciept of any notices under this Order or under Sections 5.05 or 7 of the DIP Credit Agreement, the Debtors shall promptly provide a copy of such notice to the Chairman of each Committee and its counsel.

Dated: July 18, 2000
Wilmington, Delaware

_____
UNITED STATES BANKRUPTCY JUDGE