**EXHIBIT "D"**

FILED
JAMES J. WALDRON

SEP 2 0 2001

U.S. BANKRUPTCY COURT
CAMDEN, NJ
_____ DEPUTY

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

---

In re                                     : Chapter 11 Case No.
                                          :
GENESIS HEALTH VENTURES INC., et al.,     : 00-2692 (JHW)
                                          :
            Debtors.                      :
                                          : (Jointly Administered)

---

In re                                     : Chapter 11 Case No.
                                          :
MULTICARE AMC, INC., et al.,              : 00-2494 (JHW)
                                          :
            Debtors.                      :
                                          : (Jointly Administered)

---

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER
UNDER 11 U.S.C. § 1129(a) AND (b) AND FED. R. BANKR. P. 3020
CONFIRMING DEBTORS' JOINT PLAN OF REORGANIZATION**

46. <u>DIP Credit Agreements</u>.

(a) Notwithstanding anything that may be contained herein to the contrary, on the Effective Date, (i) Genesis shall pay or arrange for the payment of all amounts outstanding under that certain Revolving Credit and Guaranty Agreement, dated as of June 22, 2000, as amended, among Genesis, certain other Genesis Debtors named therein, Mellon Bank N.A., as administrative agent, certain co-agents named therein, and the lenders party thereto (the "Genesis DIP Credit Agreement"), and (ii) Multicare shall pay or arrange for payment of all amounts outstanding under that certain Revolving Credit and Guaranty Agreement, dated as of June 22, 2000, as amended, among Multicare, certain other Multicare Debtors named therein, Mellon Bank N.A., as administrative agent, certain co-agents named therein, and the lenders party thereto (the "Multicare DIP Credit Agreement," and together with the Genesis DIP Credit Agreement, the "DIP Credit Agreements"). Once such payments have been made, the DIP Credit Agreements and any agreements or instruments related thereto shall be deemed terminated, except as otherwise provided in the DIP Credit Agreements (subject in all respects to any carve-out approved by the Bankruptcy Court in the Bankruptcy Court orders approving the DIP Credit Agreements on a final basis), and Mellon Bank, N.A., as administrative agent, and the lenders thereunder shall take all reasonable action to confirm the removal of any liens on the properties of the Genesis Debtors and the Multicare Debtors securing the DIP Credit Agreements. On the Effective Date, any outstanding letters of credit issued under the DIP Credit Agreements shall be either replaced or secured by letters of credit issued under the exit facility described in Section

the Bankruptcy Code and Bankruptcy Rules 2002(m) and 9007 Establishing Notice Procedures, dated July 28, 2000.

65. _Authorization to File Conformed Plan_. The Debtors are authorized to file a conformed Plan, dated on the date hereof, which incorporates the Technical Amendments and the Amendments to Comply with Confirmation Opinion within thirty (30) days of the entry of this Confirmation Order.

66. _Binding Effect_. Pursuant to sections 1123(a) and 1142(a) of the Bankruptcy Code and the provisions of this Confirmation Order, the Plan, the Plan Supplement, and the Plan Documents shall apply and be enforceable notwithstanding any otherwise applicable nonbankruptcy law.

67. _Severability_. Each term and provision of the Plan, as it may have been altered or interpreted by the Bankruptcy Court in accordance with Section 12.7 of the Plan, is valid and enforceable pursuant to its terms.

68. _Conflicts Between Order and Plan_. To the extent of any inconsistency between the provisions of the Plan and this Confirmation Order, the terms and conditions contained in this Confirmation Order shall govern. The provisions of this Confirmation Order are integrated with each other and are nonseverable and mutually dependent unless expressly stated by further order of this Bankruptcy Court.

Dated: September 20, 2001
    Wilmington, Delaware

                                    _____
                                    UNITED STATES BANKRUPTCY JUDGE