**EXHIBIT "F"**

 **Mellon**                                                                    Mellon Bank

February 10, 2004

NeighborCare Inc.
7 East Lee Street
Baltimore, MD 21202
Attn:  Mr. Robert Fish
       Chairman and CEO

Dear Mr. Fish:

As you are aware, an action has been commenced in New York State Supreme Court, County of New York, captioned <u>Haskell, et al. v. Goldman Sachs & Co., et al.</u>, Index No. 04101317 (the "Action") by approximately 275 former Genesis Health Ventures, Inc. ("Genesis") subordinated debenture holders against, among others, Mellon Bank, N.A. ("Mellon"), administrative agent for the Genesis lenders. The complaint alleges tortious acts committed in connection with, among other things, the plan of reorganization confirmation proceedings in the Genesis bankruptcy case.

We have retained Morgan, Lewis & Bockius LLP ("ML&B") to represent Mellon in connection with the Action. As you will recall, ML&B represented Mellon in the Genesis bankruptcy case. In accordance with the applicable credit agreements, Genesis, now known as NeighborCare Inc., is obligated to reimburse and indemnify Mellon from and against any and all expenses, losses, claims, damages and liabilities incurred by Mellon arising out of or in any way relating to the Action.

Please call me if you have any questions with respect to this matter.

Sincerely,

Gary Gegick

One Mellon Center • Pittsburgh, PA 15258-0001

*A Mellon Financial Company*℠

Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178-0060
Tel: 212.309.6000
Fax: 212.309.6001
www.morganlewis.com



Richard S. Toder
(212) 309-6052
rtoder@morganlewis.com

March 16, 2004

**VIA FACSIMILE**

John F. Gaither, Jr.
Senior Vice President, General Counsel &
 Corporate Secretary
NeighborCare, Inc.
601 East Pratt Street
Baltimore, MD 21202

    Re:    <u>Haskell, et al. v. Goldman Sachs, et al.</u>

Dear Mr. Gaither:

    At Gary Gegick's request, I am writing in response to your March 1, 2004 letter, in which you dispute the indemnification obligation of NeighborCare, Inc. ("NeighborCare") to Mellon Bank, N.A. ("Mellon" or the "Agent") in connection with the above-referenced action (the "Haskell Litigation").[1] As set forth below, your understanding that such obligation was discharged under the joint plan of reorganization in the chapter 11 cases of Genesis Health Ventures, Inc. ("Genesis") and Multicare AMC, Inc., is clearly incorrect.

    Section 10.06 of the Revolving Credit and Guaranty Agreement (the "DIP Credit Agreement"), dated as of June 22, 2000, as amended, provides as follows:

> The Borrower and each of the Guarantors agree to indemnify and hold
> harmless the Agent, and the Banks and their directors, officers, employees,
> agents and Affiliates (each an "<u>Indemnified Party</u>") from and against any and
> all expenses, losses, claims, damages and liabilities incurred by such
> Indemnified Party arising out of claims made by any Person in any way
> relating to the transactions contemplated hereby, but excluding therefrom all

---

    [1] As you are aware, the complaint in the Haskell Litigation names Mellon as a defendant by virtue of its role as Agent under both the DIP Credit Agreement (as defined herein; <u>see</u>, <u>e.g.</u>, §§ 154-61 of the complaint) and the pre-petition credit agreement.

expenses, losses, claims, damages, and liabilities to the extent that they are determined by the final judgment of a court of competent jurisdiction to have resulted from the gross negligence or willful misconduct of such Indemnified Party. *The obligations of the Borrower and the Guarantors under this Section shall survive the termination of this Agreement and/or the payment of the Loans.* (Emphasis added.)

The DIP Credit Agreement was approved by the Bankruptcy Court pursuant to the Final Order (I) Authorizing Debtors to (A) Obtain Post-Petition Financing Pursuant to 11 U.S.C. §§105, 361, 362, 363, 364(c)(1), 364(c)(2), 364(c)(3) and 364(d)(1) and (B) Utilize Cash Collateral Pursuant to 11 U.S.C. §363 and (II) Granting Adequate Protection to Pre-Petition Secured Parties, dated July 18, 2000 (the "Final DIP Order"). Paragraph 24 of the Final DIP Order states:

> The obligations of the Debtors under this Order and the Financing shall not be discharged by the entry of an order confirming a plan of reorganization in any of the Cases and, pursuant to Section 1141(d)(4) of the Code, the Debtors have waived such discharge with respect to such obligations.

Further, this indemnification obligation was expressly preserved under the Bankruptcy Court's Findings of Fact, Conclusion of Law, and Order under 11 U.S.C. §1129(a) and (b) and Fed. R. Bankr. P. 3020 Confirming Debtors' Joint Plan of Reorganization, dated September 20, 2001, in paragraph 46(a), which provides:

> Once such payments have been made, the DIP Credit Agreements and any agreements or instruments related thereto shall be deemed terminated, **except as otherwise provided in the DIP Credit Agreements** .... (Emphasis added.)

Additionally, the continuing indemnification obligation to Mellon was expressly recognized in the Bankruptcy Court's Opinion on Confirmation, dated September 12, 2001, in which the Court stated:

> As to the Senior Lenders and their agent Mellon Bank, indemnification clauses against the debtor are implicated. The pursuit by third parties of claims against the non-debtor releasees may affect the reorganization of the debtors going forward.

In re Genesis Health Ventures, Inc, 266 B.R. 591, 603 n.13 (Bankr. D. Del. 2001), app. dismissal, 280 B.R. 339 (D. Del. 2002).

We trust that the above demonstrates to your satisfaction that NeighborCare's obligation, as successor to Genesis, to indemnify Mellon in connection with the Haskell Litigation was not discharged and continues in full force and effect.

Morgan Lewis
COUNSELORS AT LAW

However, should you disagree, we would suggest that you contact us to discuss the matter further.

Very truly yours,

Richard S. Toder

cc: Mr. Gary Gegick
Joseph E. Camp, Esq.
Michael Walsh, Esq.

Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178-0060
Tel: 212.309.6000
Fax: 212.309.6001
www.morganlewis.com



**Morgan Lewis**
COUNSELORS AT LAW

Richard S. Toder
212-309-6052

April 1, 2004

**BY TELECOPY**

Michael Walsh, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153

   Re: Haskell, et. al. vs. Goldman Sachs
      <u>& Co., et al. ("Haskell Litigation")</u>

Dear Michael:

   I am in receipt of your letter of March 25, 2004, advising that NeighborCare has declined to indemnify Mellon Bank, N.A. ("Mellon") in connection with the <u>Haskell Litigation</u>. In Mellon's view, NeighborCare's position is clearly unsupportable.

   The indemnification provisions of the DIP Credit Agreement are plainly written and cover exactly the circumstances occasioned by the <u>Haskell Litigation</u>. On its face, the complaint asserts that Mellon is being sued in its capacity and as a result of alleged conduct as Agent for the DIP loan (which, as you are well aware, was approximately $200 million as of confirmation of the joint plan of reorganization) as well as in its capacity and alleged conduct as Agent under the pre-petition facility. In fact, the complaint expressly asserts that the DIP loan was extended in furtherance of the alleged fraudulent scheme that is the basis for the claims asserted in the <u>Haskell Litigation</u>, and Section 10.06 of the DIP Credit Agreement expressly provides for indemnification of claims "<u>in any way</u> relating to the transactions contemplated hereby." (Emphasis added.) Further, whether a plan of reorganization would or would not have to provide full repayment of the DIP loan is simply irrelevant to NeighborCare's obligations under Section 10.06.

   Moreover, your reference to the exclusion from such indemnification obligations of liabilities resulting from the entry of a final judgment against Mellon for gross negligence or willful misconduct is particularly egregious. All of the defendants categorically reject the existence of any merit to the claims asserted in the complaint. Moreover, in the absence of such final judgment, Mellon's expenses are currently incurred and, under the provisions of the DIP Credit Agreement, must be reimbursed upon demand. See Sections 2.26 and 10.5.

1-NY/1760507.2

# Morgan Lewis
COUNSELORS AT LAW

        I would ask that you revisit with your client its current position. In any event, please be advised that Mellon rejects such position and reserves all of its rights and remedies with respect thereto. In that regard, and on behalf of Mellon, we hereby enclose a statement of our firm's fees and expenses for the period from inception through February 29, 2004, in the aggregate amount of $97,984.46 and make demand for payment of same. We request that you submit such statement to your client.

                                      Very truly yours,

                                      Richard S. Toder

/as

Encl.

cc:    Joseph E. Camp, Esq.
       Mr. Gary Gegick
       Steven Russo, Esq.