IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---

In re:

GENESIS HEALTH VENTURES, INC., et al.,

Debtors,

Chapter 11

Case No. 00-2692 (JHW)
(Jointly Administered)

---

MELLON BANK, N.A.,

Plaintiff,

v.

NEIGHBORCARE, INC.,

Defendant.

Adv. Proc. No. 04-55080 (JHW)

---

## **FINAL ORDER AND JUDGMENT**

Plaintiff Mellon Bank, N.A. ("Mellon") having filed and served a Summons and Complaint for Declaratory Relief dated September 2, 2004, on defendant NeighborCare, Inc. ("NeighborCare"), seeking a declaratory judgment declaring NeighborCare, as successor to Genesis Health Ventures, Inc. ("Genesis"), obligated to indemnify Mellon on demand, pursuant to the Credit and Guaranty Agreement dated as of June 22, 2000, between and among Mellon, as administrative agent, the lenders party thereto and Genesis (the "DIP Credit Agreement"), approved by final order of this Court dated July 18, 2000, from and against any and all expenses, losses, claims, damages and liabilities arising out of the claims asserted against Mellon in the action entitled Haskell, et al. v. Goldman Sachs & Co., et al., Adv. Pro. No. 04-53375 (JHW), pending in this Court (the "Haskell Litigation"); NeighborCare having moved by Motion to

1-NY/1881196.2

Dismiss the Complaint for Declaratory Relief dated November 4, 2004 (the "Motion"), and Mellon having opposed the Motion and having moved by Cross-Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56 and Fed. R. Bankr. P. 7056 dated November 18, 2004, (the "Cross-Motion"), for the entry of judgment in its favor against NeighborCare for the relief sought in the Complaint, and NeighborCare having opposed the Cross-Motion; and said motions having come on to be heard before this Court on February 18, 2005 and at a telephonic conference on February 25, 2005, and

Upon reading and filing NeighborCare's Motion and the exhibits thereto, Mellon's Cross-Motion and the exhibits thereto, the parties' respective opposition and reply memoranda in respect of said motions, and upon the Court's oral rulings rendered at the aforesaid hearing and telephonic conference, and all prior pleadings and proceedings herein, and after due deliberation, it is hereby

**ORDERED, DECLARED and ADJUDGED** that NeighborCare's Motion is denied and Mellon's Cross-Motion is granted in part and denied in part, and it is further

**ORDERED, DECLARED and ADJUDGED** that the claims asserted against Mellon in the Haskell Litigation are within the scope of the claims for which Mellon is entitled to indemnification from NeighborCare under § 10.06 of the DIP Credit Agreement; and it is further

**ORDERED, DECLARED and ADJUDGED** that NeighborCare shall indemnify Mellon from and against all expenses, losses, claims, damages and liabilities arising out of the claims asserted against Mellon in the Haskell Litigation, provided, however, that NeighborCare shall not be obligated to indemnify Mellon for all expenses, losses, claims, damages and liabilities to the extent that they are determined by final judgment entered in the Haskell

Litigation to have resulted from the gross negligence or willful misconduct of Mellon; and it is further

**ORDERED, DECLARED and ADJUDGED** that NeighborCare shall pay to Mellon all such indemnification to which Mellon is entitled under the DIP Credit Agreement immediately upon final resolution, by judgment, settlement or otherwise, of the claims asserted against Mellon in the Haskell Litigation; and it is further

**ORDERED, DECLARED and ADJUDGED** that the Clerk of this Court is hereby directed to enter judgment and close this adversary proceeding.

Wilmington, Delaware
March 28, 2005

Judith H. Wizmur
United States Bankruptcy Judge